UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| KAMEESHA REID,<br>Plaintiff,<br>v.<br>PACKAGING COORDINATORS INC. DBA PCI PHARMA SERVICES, and PACKAGING COORDINATORS, LLC DBA PCI PHARMA SERVICES,<br>Defendants. | Civil Action No.:<br>**COMPLAINT**<br>**JURY TRIAL DEMANDED** |

Plaintiff Kameesha Reid ("Plaintiff" or "Ms. Reid"), by and through her attorneys, Greenberg Gross LLP, as and for her Complaint against PACKAGING COORDINATORS INC. dba PCI PHARMA SERVICES and PACKAGING COORDINATORS, LLC dba PCI PHARMA SERVICES (collectively, "Defendants"), hereby alleges as follows:

## PRELIMINARY STATEMENT

1. Ms. Reid began working for Defendants in November 2024 and later became a Material Handler. In May 2026, heavy lifting left her with severe back and pelvic pain requiring emergency treatment. She promptly called out, provided medical documentation, and requested FMLA leave days later. Rather than honor her rights, Defendants derailed her leave request and never gave her notice of her FMLA rights. Two days after Human Resources was again told she was out for medical reasons, Defendants fired her on or about June 5, 2026. In reality, Defendants wrongfully terminated Ms. Reid in retaliation for her protected activity, including her request for and use of protected medical leave, and in interference with her rights under the FMLA.

## ADMINISTRATIVE PROCEDURES

2. Plaintiff has filed, or will file, a charge of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") asserting the federal claims arising from the conduct alleged herein. Upon receipt of a Notice of Right to Sue, Plaintiff will seek leave to amend this Complaint to add those claims.

3. Plaintiff's claims under the Pennsylvania Human Relations Act remain within the exclusive jurisdiction of the Pennsylvania Human Relations Commission (the "PHRC"). Upon the expiration of the one-year period prescribed by 43 P.S. § 962(c)(1), or the earlier closure of the PHRC proceedings, Plaintiff will seek leave to amend this Complaint to add those claims.

4. Any and all other prerequisites to the filing of this suit have been met.

## JURISDICTION AND VENUE

5. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1343, as this action involves federal questions regarding the deprivation of Plaintiff's rights under federal law. This Court has supplemental jurisdiction over Plaintiff's related claims arising under state and local law pursuant to 28 U.S.C. § 1367(a).

6. Venue is proper in this District pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to this action, including the unlawful employment practices alleged herein, occurred in this District.

## PARTIES

7. Plaintiff Kameesha Reid is an individual residing in the Commonwealth of Pennsylvania. At all relevant times, Plaintiff was employed by Defendants and was an "employee" within the meaning of all applicable statutes.

8. Defendant PACKAGING COORDINATORS INC. dba PCI PHARMA SERVICES ("Packaging Inc.") is a Pennsylvania corporation doing business in the Commonwealth of Pennsylvania. At all relevant times, Packaging Inc. was Plaintiff's "employer" within the meaning of all applicable federal, state, and local statutes.

9. Defendant PACKAGING COORDINATORS, LLC dba PCI PHARMA SERVICES ("Packaging LLC") is a Delaware limited liability company doing business in the Commonwealth of Pennsylvania. At all relevant times, Packaging LLC was Plaintiff's "employer" within the meaning of all applicable federal, state, and local statutes.

10. At all relevant times, Defendants collectively constituted Plaintiff's employers under the joint and/or single employer doctrine. Upon information and belief, Defendants shared common management, had interrelated operations, and collectively controlled Plaintiff's job duties and responsibilities.

11. At all relevant times, Defendants acted by and through their authorized agents, servants, workmen, and/or employees acting within the course and scope of their employment with the Defendants and in furtherance of Defendants' business.

## FACTUAL ALLEGATIONS

12. Ms. Reid suffered from acute bilateral low back pain and related pelvic pain, a serious health condition that required emergency medical treatment, prescription medication, follow-up care, and time away from work. Ms. Reid engaged in protected activity by reporting her medical absence to Defendants, providing medical documentation of her condition, and requesting medical leave under the Family and Medical Leave Act.

13. In or around November 2024, Ms. Reid began working for Defendants as a full-time employee. Ms. Reid worked at Defendants' facilities in Philadelphia, Pennsylvania, in

Philadelphia County, administered through Defendants' Philadelphia office at 3001 Red Lion Road, Philadelphia, Pennsylvania 19114.

14. In or around late 2025, Defendants moved Ms. Reid into the Material Handler position, moving pharmaceutical components and medicine from warehouses to the production floor. Ms. Reid worked full time on twelve-hour shifts.

15. In or around April 2026, Defendants assigned Ms. Reid to load heavy materials onto trucks by herself. Over time, Ms. Reid developed severe back and pelvic pain from the repeated heavy lifting.

16. On or about May 12, 2026, Ms. Reid called Defendants' call-out line to report that she could not work because of her condition. That evening, she sought emergency medical treatment, where she was diagnosed with acute bilateral low back pain, prescribed medication, and directed to follow up for continued care.

17. On or about May 13, 2026, after her discharge, Ms. Reid again called Defendants' call-out line to report her medical absence and provided Defendants with documentation of her emergency treatment.

18. On or about May 15, 2026, Ms. Reid requested medical leave under the Family and Medical Leave Act ("FMLA") through Defendants' leave and disability administrator.

19. On or about May 22, 2026, after Defendants supplied the administrator with inaccurate information about Ms. Reid's eligibility, Ms. Reid's leave claim was denied. Defendants never notified Ms. Reid of her eligibility for or rights under the FMLA, never requested medical certification, never designated her leave, and did not respond to her efforts to obtain information about her leave.

20. On or about June 3, 2026, Defendants' Human Resources department was again notified that Ms. Reid was out of work for medical reasons and that her FMLA request had been denied.

21. On or about June 5, 2026, two days later and while Ms. Reid's need for medical leave was ongoing, Defendants terminated Ms. Reid's employment on a false and pretextual basis.

22. In reality, Defendants wrongfully terminated Ms. Reid in retaliation for her protected activity, including her request for and use of protected medical leave, and in interference with her rights under the FMLA.

**FIRST CAUSE OF ACTION**
**(Violations of the Family and Medical Leave Act, 29 U.S.C. §§ 2601 et seq.)**
**Against Defendants Packaging Inc. and Packaging LLC**

23. Plaintiff repeats, reiterates and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

24. The Family and Medical Leave Act, 29 U.S.C. §§ 2601 et seq. (the "FMLA"), provides in 29 U.S.C. § 2615(a)(1) that it shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise any right provided under the FMLA.

25. At all relevant times, Ms. Reid was an eligible employee within the meaning of the FMLA, Defendants was a covered employer within the meaning of the FMLA, Ms. Reid was entitled to leave under the FMLA, and Ms. Reid gave notice of her intention to take leave.

26. By the actions described above, among others, Defendants unlawfully interfered with, restrained and denied the exercise of Ms. Reid's FMLA rights, including by denying, discouraging and cutting short leave to which she was entitled and by denying her the benefits and reinstatement to which she was entitled.

27. As a direct and proximate result of the unlawful conduct committed by Defendants in violation of the FMLA, Ms. Reid has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of wages, salary, employment benefits and other compensation, for which she is entitled to an award of monetary damages together with pre- and post-judgment interest, pursuant to 29 U.S.C. § 2617.

28. The violations of the FMLA by Defendants were not in good faith, and Ms. Reid is therefore entitled to an award of liquidated damages equal to the amount of her lost compensation and interest, pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), together with equitable relief, including reinstatement and/or front pay, and reasonable attorneys' fees and costs.

**SECOND CAUSE OF ACTION**
**(Violations of the Family and Medical Leave Act, 29 U.S.C. §§ 2601 et seq.)**
**Against Defendants Packaging Inc. and Packaging LLC**

29. Plaintiff repeats, reiterates and re-alleges each and every allegation in all of the preceding paragraphs as if fully set forth herein.

30. The FMLA, 29 U.S.C. § 2615(a), makes it unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise any right provided under the FMLA, or to discharge or in any other manner discriminate against any individual for opposing any practice made unlawful by the FMLA.

31. By the actions described above, among others, Defendants retaliated against Ms. Reid for exercising her rights under the FMLA, including by subjecting her to adverse employment actions, up to and including the termination of Ms. Reid's employment, because she requested and/or took leave protected by the FMLA. The exercise by Ms. Reid of her FMLA rights was a motivating and/or negative factor in the adverse actions of Defendants.

32. As a direct and proximate result of the unlawful retaliatory conduct committed by Defendants in violation of the FMLA, Ms. Reid has suffered, and continues to suffer, monetary and/or economic damages, including, but not limited to, loss of wages, salary, employment benefits and other compensation, for which she is entitled to an award of monetary damages together with pre- and post-judgment interest, pursuant to 29 U.S.C. § 2617.

33. The violations of the FMLA by Defendants were not in good faith, and Ms. Reid is therefore entitled to an award of liquidated damages equal to the amount of her lost compensation and interest, pursuant to 29 U.S.C. § 2617(a)(1)(A)(iii), together with equitable relief, including reinstatement and/or front pay, and reasonable attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that the Court enter judgment in her favor and against Defendants, containing the following relief:

(a) A declaratory judgment that the actions, conduct and practices of Defendants complained of herein violate the laws of the United States and/or the Commonwealth of Pennsylvania;

(b) An injunction and order permanently restraining Defendants and their partners, officers, owners, agents, successors, employees and/or representatives, and any and all persons acting in concert with them, from engaging in any such further unlawful conduct, including the policies and practices complained of herein;

(c) An order directing Defendants to take such affirmative action as is necessary to ensure that the effects of these unlawful employment practices are eliminated, including reinstatement of Plaintiff or, in the alternative, an award of front pay;

(d) An award of damages against Defendants, or any jointly or severally liable entity or person, in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages, including, but not limited to, loss of past and future income, wages, compensation, seniority and other benefits of employment;

(e) An award of damages against Defendants, or any jointly or severally liable entity or person, in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages, including, but not limited to, compensation for Plaintiff's mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, and emotional distress;

(f) An award of punitive damages against Defendants, to the fullest extent permitted by law, in an amount to be determined at trial;

(g) An award of liquidated damages to the fullest extent permitted by law;

(h) An award of statutory damages, civil penalties and all other statutory remedies to the fullest extent permitted by law;

(i) Pre-judgment and post-judgment interest on all amounts due;

(j) An award of costs that Plaintiff has incurred in this action, including, but not limited to, expert witness fees, as well as Plaintiff's reasonable attorneys' fees and costs to the fullest extent permitted by law; and

(k) Such other and further relief as the Court may deem just and proper.

**JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: November 24, 2026
Philadelphia, Pennsylvania

Respectfully submitted,

/s/ Sammy Sugiura

Sammy Y. Sugiura
PA ID No. 209942
Greenberg Gross LLP
1650 Market Street, Suite 3600,
Philadelphia, PA 19103
SSugiura@GGTrialLaw.com

**Counsel for Plaintiff**